UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-20317

MAGDA ESPERANZA WALEWSKI,

    Plaintiff,

vs.

SALTZMAN, TANIS, PITTELL,
LEVIN & JACOBSON, INC. d/b/a
PEDIATRIC ASSOCIATES,

    Defendant.
_____/

## COMPLAINT FOR UNPAID OVERTIME WAGES

Plaintiff, Magda Esperanza Walewski, sues Defendant, Saltzman, Tanis, Pittell, Levin & Jacobson, Inc., as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff,** Magda Esperanza Walewski, was and is a resident of Miami-Dade County, Florida, at all times material, and she is *sui juris*. She was an hourly non-exempt employee of Defendant who consents to participate in this lawsuit.

2. **Defendant, Saltzman, Tanis, Pittell, Levin & Jacobson, Inc.**, is a *sui juris* Florida for-profit business that conducts its for-profit business throughout the State of Florida and does business under the registered fictitious name of Pediatric Associates.

3. Defendant was Plaintiff's employer for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d).

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because the Defendant maintains its principal place of business in this

1

District, because Plaintiff worked for Defendant in this District in an office in Miami-Dade County, and because the cause of action arose here, in Miami-Dade County.

5. This Court has original jurisdiction over Plaintiff's federal question claim.

*** Background Facts ***

6. Defendant has at all times material had at least two or more employees engaged in interstate commerce in the course of its provision of medical care and treatment to patients throughout the State of Florida.

7. Defendant has been at all times material engaged in interstate commerce in the course of its provision of medical care and services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

8. Defendants also engage in interstate commerce in the course of their regularly and routinely submitting billings to and receiving payment(s) from out-of-state medical payors that.

9. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

10. In particular, Defendant owns and operates multiple pediatric medical offices centers that utilize computers, computer software, X-Ray machines, medical equipment and supplies, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

11. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while she worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of her utilizing computers, telephones, and other office goods and supplies that moved through interstate commerce.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884  FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

12. Plaintiff worked for Defendant as a laboratory technician / medical assistant from approximately July 13, 2001 to April 22, 2016.

13. During this time, Plaintiff utilized phlebotomy tubes, agar dishes, urine collection cups, labels, and other goods, materials, computers, software, machinery, materials, and supplies that were provided to her by Defendant and that traveled in interstate commerce prior and/or subsequent to Plaintiff's use of the same.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

15. Defendant paid Plaintiff at a rate of $18.64 per hour.

16. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

17. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

*Liability*

18. Defendant required Plaintiff to perform approximately 30 minutes of work each day for five days per week and every other Saturday before allowing her to "clock in".

19. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half of her regular hourly rate for all hours worked over 40 hours in a given workweek by failing to compensate her for all for this "off the clock" work.

20. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the relevant time period.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

21. Defendant either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant was not required to pay her overtime, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff the overtime pay she earned.

22. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Magda Esperanza Walewski, demands the entry of a judgment in her favor and against Defendant, Saltzman, Tanis, Pittell, Levin & Jacobson, Inc., after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    f. Such other and further relief as the Court deems just and proper.

4

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 25th day of January, 2017.

                                                Respectfully Submitted,

                                                FAIRLAW FIRM
                                                7400 N. Kendall Drive
                                                Suite 450
                                                Miami, FL 33156
                                                Tel:    305.230.4884
                                                Fax:   305.230.4844

                                                *s/Brian H. Pollock, Esq.*
                                                Brian H. Pollock, Esq.
                                                Fla. Bar No. 174742
                                                brian@fairlawattorney.com

5

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*